NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0419n.06

No. 17-1639

| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| MICHAEL CARRINGTON KENNEDY, | ) | EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GILMAN, GIBBONS, and THAPAR, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Following trial, Michael Kennedy was convicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Kennedy moved for a directed verdict of acquittal, which was denied. On appeal, he challenges the sufficiency of the evidence for his conviction. Because the evidence was sufficient for a rational juror to find Kennedy guilty beyond a reasonable doubt, we affirm.

**I.**

On May 27, 2016, police officers in Ypsilanti, Michigan performed a traffic stop for excessive speed. When officers approached the stopped vehicle—which was occupied by a female driver, Kennedy in the front passenger seat, and two small children in the back—they noticed the smell of marijuana. Kennedy and the driver were instructed by officers to exit the vehicle. The officers subsequently performed a pat down of Kennedy and found a bag of marijuana on his

person. While in the process of arresting him for possession of the marijuana, officers also observed a soft, fabric handgun holster fall out of Kennedy's pant leg.

The discovery of the holster prompted the officers to search the vehicle for a matching weapon. Inside, wrapped in a knit hat and resting on the right edge of the driver's-side footwell, officers found a semi-automatic 9-millimeter handgun. An officer who observed the search and the officer who discovered the weapon both testified at trial that the handgun was within arm's reach of someone in the passenger seat. Officer testimony at trial and photographs presented to the jury established that the gun found in the car fit inside the holster that Kennedy was carrying. When Kennedy observed the officers finding the handgun, he asked that they let him "kiss [his] kids" because he was "about to be gone for awhile." DE 55, Tr. Ex. 3A, Page ID 401; *see also* DE 53, Trial Tr. Vol. 1, Page ID 227–28.

During the drive to the police station, an officer asked Kennedy, "Do you have a CPL?"[1] DE 53, Trial Tr. Vol. 1, Page ID 241; DE 55, Tr. Ex. 3B, Page ID 402. To which Kennedy responded, "Naw man. . . . I wasn't trying to commit no crimes man. I'm just trying to protect my family man." DE 55, Tr. Ex. 3B, Page ID 402. Kennedy went on to say, "I can't get a CPL. I got a felony, a[n] eight-year-old felony on my record. How'm I supposed to get a CPL with an eight-year-old felony?" *Id.*

After arriving at the station, officers learned that the recovered handgun had been stolen from a gun store in Livonia, Michigan. Accordingly, officers contacted the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and an ATF agent subsequently arrived at the station. After reading Kennedy his Miranda rights, the ATF agent interviewed Kennedy. During the interview, he asked Kennedy if the handgun found in the vehicle belonged to him, and Kennedy

---

[1] A CPL is a Concealed Pistol License.

responded, "Of course." DE 53, Trial Tr. Vol. 1, Page ID 273. Kennedy further explained that he had "purchased [the gun] on the street" because "he felt he needed it for protection." *Id.* at 274. At no point in the interview did Kennedy ever express surprise about the discovery of the gun or attempt to deny that it was in his possession.

On June 23, 2016, Kennedy was indicted on one count of being a felon in possession of a firearm. Following trial, a jury found him guilty as charged. Kennedy was subsequently sentenced to a term of 84 months' imprisonment. He timely appealed.

## II.

The district court's denial of a motion for judgment of acquittal is reviewed *de novo*. *See United States v. Vichitvongsa*, 819 F.3d 260, 270 (6th Cir.), *cert. denied*, 137 S. Ct. 79 (2016). In assessing the sufficiency of the evidence, the test is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Lowe*, 795 F.3d 519, 522–23 (6th Cir. 2015) (citation and internal quotation marks omitted). This standard imposes "a very heavy burden" on defendants. *United States v. Barnes*, 822 F.3d 914, 919 (6th Cir. 2016) (citation omitted).

## III.

On appeal, Kennedy asserts that there was insufficient evidence to support his conviction. For the reasons addressed below, we disagree.

Kennedy was convicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). To support a conviction for being a felon in possession of a

firearm, the government must prove: (1) that the defendant had been previously convicted of a crime punishable by more than one year in prison; (2) that after the defendant was convicted of such crime, he knowingly possessed the firearm described in the indictment; and (3) that the firearm crossed a state line before the defendant possessed it. *United States v. Schreane*, 331 F.3d 548, 560 (6th Cir. 2003). At trial, Kennedy stipulated to both his prior felony conviction and the fact that the gun had traveled in interstate commerce.

"The element of possession can be proven by either direct or circumstantial evidence." *United States v. Garcia*, 758 F.3d 714, 718 (6th Cir. 2014) (quoting *United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008)). "Circumstantial evidence alone is sufficient to sustain a conviction." *Id.* (quoting *United States v. Wettstain*, 618 F.3d 577, 583 (6th Cir. 2010)). To establish constructive possession through circumstantial evidence, "some amount of additional evidence beyond proximity is required." *United States v. Bailey*, 553 F.3d 940, 947 (6th Cir. 2009). "Other incriminating evidence," however, such as a "connection with a gun, proof of motive, a gesture implying control, evasive conduct, or a statement indicating involvement in an enterprise," along with proximity, may be sufficient to show possession. *Campbell*, 549 F.3d at 374 (quoting *United States v. Newsom*, 452 F.3d 593, 610 (6th Cir. 2006)).

In this case, there was substantial circumstantial evidence demonstrating Kennedy's knowing possession of a firearm. Kennedy was in a vehicle in which police found a handgun on the right side of the driver's-side footwell, within reach of Kennedy in the front passenger seat. And beyond this proximity, Kennedy's own recorded statements and answers to questions from law enforcement—including that the handgun was "[o]f course" his—unequivocally demonstrated that the handgun belonged to him. Further, a gun holster observed by officers on Kennedy's person at the time of his arrest fit the handgun found in the vehicle. *See United States v. Motley*, 93 F.

App'x 898, 901 (6th Cir. 2004) (noting that the jury had "more than [defendant's] mere proximity to the weapon to consider" in finding possession when police found a holster and ammunition clip in the defendant's bedroom that matched the pistol found in the car). Accordingly, there was ample evidence from which a jury could convict Kennedy of being a felon in possession of a firearm.

Kennedy argues that the foregoing evidence was insufficient because his left arm was in a cast at the time of his arrest and there was no forensic evidence to tie him to the firearm. However, neither argument is persuasive. First, this court has never required forensic evidence to sustain a conviction for possession of a firearm. *See United States v. Walker*, 734 F.3d 451, 458 (6th Cir. 2013) ("Walker's conviction [for possession of a firearm] is defensible despite the absence of forensic evidence."). And second, although the cast on Kennedy's left arm might have made it slightly more difficult to reach the firearm in the car, the handgun would still have been in close proximity to where Kennedy was sitting. Moreover, the cast does nothing to mitigate the evidence of both the matching holster or Kennedy's own statements acknowledging his ownership of the handgun. Therefore, a juror could have concluded beyond a reasonable doubt that Kennedy possessed the handgun.

**IV.**

For the above reasons, we affirm Kennedy's conviction.